## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY JOSEPH CALIHAN, | Case No. 15-CV-0517 (ADM/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CONNIE BURSAW, | |
| Defendant. | |

Plaintiff Jeffrey Joseph Calihan brings this action against defendant Connie Bursaw for recovery of his vehicle. Calihan did not pay the filing fee for this matter, but instead filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2; 28 U.S.C. § 1915(a)(1). That IFP application must be examined before this action may proceed.

As an initial matter, it is not altogether clear that Calihan qualifies financially for IFP status. Calihan attests in his IFP application that he has earned $16,000,000 each month over the past twelve months and that he can expect to earn $4,000,000 each year in the future. *See* ECF No. 2 at 1-2. These amounts are obviously well above the financial thresholds for IFP status in this District. The Court suspects that the numbers provided by Calihan are erroneous, but nevertheless, based on the information provided in the IFP application, this Court cannot conclude at this time that Calihan is financially entitled to IFP status.

The issue of Calihan's financial eligibility for IFP status is largely moot, however, because an IFP application will be denied, and the action will be dismissed, where an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.

1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

  Calihan's complaint is perplexing in several respects.  It appears that Calihan may be attempting to seek review of an unfavorable state-court decision.  *See* ECF No. 1 at 1 (referencing the Ramsey County Conciliation Court).  If so, this action must fail, as this Court does not sit in direct review of state-court decisions.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  Calihan must seek appeal within the state courts, not the federal courts, if he is in fact only requesting review of an earlier state-court decision.

  Moreover, even if Calihan is attempting to initiate an entirely new federal proceeding in this litigation, this action must still be dismissed, as Calihan's complaint fails to state a claim upon which relief can be granted.  To begin, Calihan's complaint is nearly incomprehensible; this Court cannot follow the factual allegations made by Calihan, much less discern whether those factual allegations would, if proved, amount to a viable claim for legal relief.  Moreover,

Calihan raises almost no factual allegations specifically against Bursaw, the only defendant named in this suit. Calihan obviously cannot succeed in a lawsuit against Bursaw without alleging how Bursaw herself has violated the law. Finally, the core of Calihan's complaint appears to be claims of fraud under state law, but Calihan has not pleaded or otherwise indicated that the parties are of diverse citizenship such that the Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Given the myriad problems with Calihan's complaint, and given the uncertainty as to whether the Court has jurisdiction over this action at all, this Court concludes that this action should be dismissed without prejudice at this time. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Jeffrey Joseph Calihan's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

Dated: March  6 , 2015          *s/ Tony N. Leung*
                                Tony N. Leung
                                United States Magistrate Judge

                                *Calihan v. Bursaw*
                                Case No. 15-cv-0517 (ADM/TNL)

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 24, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.